IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| MICHAEL L. SHERBYN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Docket No. 3:13-CV-0092 |
| TYSON FOODS, INC. | ) ) | JUDGE HAYNES |
| Defendant. | ) ) ) ) | JURY DEMAND |

## CASE MANAGEMENT ORDER

### I. Jurisdiction and Venue

The parties do not dispute jurisdiction or venue.

### II. Parties' Theories of the Case

#### 1. Plaintiff's Theory of the Case

Plaintiff began working for Defendant in 1984. Since 2008, he has had three surgeries due to triple arthrodesis in his foot, with the last surgery in December 2011. This condition prohibits major life activities such as walking and working. He returned to work in January 2012 with a restriction from his doctor, to work only while sitting down. At work, Plaintiff's supervisor made comments about Plaintiff's disability, such as "hop on down" to see him or "get on your crutch and hop to your truck" to come to his office. His supervisor also frequently made Plaintiff participate in walk-throughs and criticized his work. Shortly before Plaintiff was scheduled to begin a leave of absence under long-term disability, he was suspended and then terminated.

2.  **Defendant's Theory of the Case**

Plaintiff had a history of disciplinary issues during his employment by the Defendant. Most recently, Defendant's investigation revealed that Plaintiff had inappropriately allowed a subordinate employee to be paid at a rate higher than authorized and for an extended period of time. As a result, Defendant terminated Plaintiff's employment on February 6, 2012. Defendant did not violate the FMLA, ADA, or retaliate against Plaintiff in any way.

**III. Schedule of Pretrial Proceedings**

A.  **Rule 26(a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  **Other Pretrial Discovery Matters**

As determined at the case management conference on **Friday, March 22, 2013**, this action is set for a jury trial on _March 4, 2014_, at 9:00 a.m.

2

If this action is to be settled, the Law Clerk shall be notified by noon, ~~February 28, 2014~~ _February 28, 2014_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the party's dependent upon the circumstances.

A pretrial conference shall be held _February 21, 2014 3:00 p.m._ ~~at 1:30 p.m.~~ A proposed pretrial order shall be submitted at the pretrial conference.

All discoveries shall be completed by the close of business on **September 13, 2013.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **August 30, 2013.** All discovery-related statements shall be filed by the close of business on **August 30, 2013.** No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **October 4, 2013,** and any response thereto shall be filed by the close of business on **November 4, 2013.** Any reply shall be filed by the close of business on **November 18, 2013.**[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **May 29, 2013,** the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **June 26, 2013,** the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **July 31, 2013.** There shall not be any rebuttal witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party, may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the

dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate and <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

WILLIAM J. HAYNES, JR.
United States District Judge

3-22-13